# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WEBLOYALTY.COM, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| SOURCE, INC. | ) | |
| | ) | AUGUST 11, 2010 |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Webloyalty.com, Inc. ("Webloyalty"), by its undersigned attorneys, hereby alleges the following for its Complaint for Declaratory Judgment against Defendant Source, Inc. ("Defendant" or "Source").

## NATURE OF THE ACTION

1.      This is an action pursuant to Title 28, United States Code §§ 2201 and 2202, seeking a declaratory judgment that Webloyalty does not infringe, contribute to the infringement of, or induce others to infringe any valid and enforceable claim of U.S. Patent No. 5,202,826 ("the '826 patent") owned and/or controlled by Source. The action arises under the Patent Laws of the United States, Title 35, United States Code §§ 101 *et seq*.

## THE PARTIES

2.      Plaintiff Webloyalty is a Delaware corporation with its principal place of business at 101 Merritt 7, Seventh Floor, Norwalk, Connecticut 06851. Webloyalty is an online provider of various membership programs to consumers.

71571446.1

3. Upon information and belief, Defendant Source is a Delaware corporation, having its principal place of business in Newhall, California. Upon information and belief, Source is doing business in this judicial district.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338 because the matter in controversy arises under an act of Congress relating to patents (35 U.S.C. §§ 1, *et seq*.)

5. Venue is proper in this judicial district pursuant to the provisions of 28 U.S.C. §§ 1391(b) and (c).

6. Upon information and belief, this Court has personal jurisdiction over Defendant by virtue of, *inter alia*, Defendant's continuous and systematic contacts with the District of Connecticut. On information and belief, the Defendant has solicited business in the State of Connecticut, transacted business within the State of Connecticut and attempted to derive financial benefit from residents of the State of Connecticut.

## EXISTENCE OF AN ACTUAL CONTROVERSY

7. An actual controversy exists between Webloyalty and Defendant with respect to which Webloyalty requires a declaration of rights by this Court. The controversy relates to the '826 patent, alleged to be owned and/or controlled by Defendant, and which Defendant has asserted was infringed by Webloyalty. The '826 patent has expired. A copy of the '826 patent is attached as Exhibit A.

8. On January 24, 2008, Defendant filed a complaint against Webloyalty (and 37 other defendants) in the United States District Court for the Eastern District of Texas alleging that Webloyalty infringes a related Source patent, Re. 36,116 ("the '116 Reissue patent") (the

"Eastern District of Texas Action"). The '826 patent and the '116 Reissue patent share a common specification and overlapping prosecution history.

9. Webloyalty filed a motion to transfer the Eastern District of Texas Action to the U.S. District Court for the District of Connecticut on April 7, 2010, which is fully briefed and pending. Webloyalty's headquarters and virtually all of the relevant witnesses and evidence are located in this District. None of the evidence relating to this action is located in the Eastern District of Texas and neither Source nor Webloyalty have any significant ties to the Eastern District of Texas.

10. On August 10, 2010, Source advised Webloyalty that it intended to amend its Complaint in the Eastern District of Texas Action to add a claim for infringement of the '826 patent. Therefore, an actual controversy exists between Webloyalty and Defendant with respect the '826 patent.

**COUNT I**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**(U.S. PATENT NO. 5,202,826)**

11. Paragraphs 1-10 are incorporated herein by reference, as if repeated in full.

12. An actual and continuing controversy exists between Webloyalty and Defendant concerning infringement of the '826 patent which requires a declaration of rights by this Court.

13. Webloyalty has not infringed, contributed to the infringement of, or induced others to infringe the '826 patent.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY
## (U.S. PATENT NO. 5,202,826)

14. Paragraphs 1-13 are incorporated herein by reference, as if repeated in full.

15. The '826 patent is invalid for failing to comply with the requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C. §§ 1, *et seq.*, including §§ 101, 102, 103, and/or 112.

## COUNT III
## DECLARATORY JUDGMENT OF EQUITABLE ESTOPPEL
## (U.S. PATENT NO. 5,202,826)

16. Paragraphs 1-15 are incorporated herein by reference, as if repeated in full.

17. Source is equitably estopped from asserting the '826 patent against Webloyalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Webloyalty respectfully requests that the Court issue:

A. A judgment declaring that Webloyalty has not infringed, contributed to the infringement of, or induced others to infringe the '826 patent;

B. A judgment declaring that the '826 patent is invalid;

C. A judgment declaring that Source is equitably estopped from asserting the '826 patent against Webloyalty.

D. A judgment declaring that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Webloyalty its reasonable attorneys' fees and costs in this action; and

71571446.1

E. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

PLAINTIFF, WEBLOYALTY.COM, INC.

/s/ Jonathan B. Tropp
Jonathan B. Tropp (ct11295)
DAY PITNEY LLP
One Canterbury Green
201 Broad Street
Stamford, CT 06901
(203)-977-7300
fax: (203) 977-7301
jbtropp@daypitney.com

Steven Lieberman
ROTHWELL FIGG ERNST & MANBECK
1425 K Street, N.W.
Washington, DC 20005
(202) 783-6040
slieberman@rfem.com

*Its Attorneys*